```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x
GEORGE D. GATES,                   :
                 Plaintiff,        :    01 Civ. 8019 (LMM)
                                        (98 Cr. 1496) (LMM))
          - v -                    :
                                        MEMORANDUM AND ORDER
UNITED STATES OF AMERICA,          :

                 Defendant.        :
-----------------------------------x
```

McKENNA, D.J.,

**1.**

Plaintiff moves, pursuant to Fed. R. Civ. P. 60(b)(6), "to be relieved from the final judgment entered herein" (Motion, July 20, 2007, at 1), on the ground that this Court "committed reversible error when the Court did not explain the waiver of appeal provision in the plea agreement to the defendant." (Id. at 2.)

Petitioner was found guilty, upon a guilty plea, of conspiring to distribute and possess with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B), and was sentenced, on March 19, 2001, principally to a statutory mandatory minimum term of imprisonment of ten years. Proceedings prior to the present motion are described in the Court's Memorandum and Order of May 21, 2003, denying petitioner's motion pursuant to 28 U.S.C. § 2255 for an

order vacating his sentence. Familiarity with the May 21, 2003 Memorandum and Order is assumed.

"[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citing Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001)).

The government argues, persuasively, that the present motion does challenge the underlying criminal conviction and that the present motion is a second or successive motion within the meaning of 28 U.S.C. § 2255(h). (See Gov't Letter Mem., Oct. 8, 2007, at 5-6.) The Court, accordingly, intends to transfer the present motion to the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h), referring to id. § 2244. The Court gives notice of that intention to petitioner pursuant to the suggestion in Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002), and petitioner may have until December 15, 2008 to respond pursuant to Gitten.[1]

---

[1] The Court must note that the government's letter misquotes the plea allocution of August 31, 2000, at 597. The Court did not advise that "Mr. Gates won't appeal or challenge under 28 U.S.C. Section 2255 any sentence within or below the stipulated guideline ranges which would mean any sentence of 151 months or more." (Gov't Letter Mem., Oct. 8, 2007, at 2; see also id. at 9.) The Court advised that "Mr. Gates won't appeal or challenge under USC Section 2255 any sentence within or below the stipulated guidelines range which would be any sentence of 188 months

2

SO ORDERED.

Dated: November **17**, 2008

                                                    Lawrence M. McKenna
                                                           U.S.D.J.

---

or less. . . ." (Transcript, Aug. 31, 2000, at 597; see May 21, 2003 Memorandum and Order, at 10 n.1, with respect to the correction of "18" to "188" at Transcript, Aug. 31, 2000, at 597, 1.5.)

3